UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-07728-RGK-CTS | Date | July 29, 2026 |
| Title | ***Ricardo Cardona v. Ford Motor Company et al.*** | | |

| | | |
|---|---|---|
| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
| Joseph Remigio (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order to Show Cause Re: Notice of Removal [DE 1]**

On June 15, 2026, Ricardo Cardano ("Plaintiff") filed a Complaint against Ford Motor Company ("Defendant") in Los Angeles County Superior Court alleging violations of the Song-Beverly Consumer Warranty Act. (ECF No. 1-1, Ex. A.) Plaintiffs' allegations arise from the purchase of a 2023 Ford Bronco from Defendant. On July 15, 2026, Defendant removed the action to this Court on the basis of diversity jurisdiction. (ECF No. 1.) Upon review of Defendant's Notice of Removal, the Court hereby **ORDERS** Defendant to **SHOW CAUSE**, in writing, that the amount in controversy is satisfied.

Pursuant to 28 U.S.C. § 1332, a district court shall have original jurisdiction over any civil action where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different States. After a plaintiff files an action in state court, the defendant attempting to remove the action bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

Courts must "strictly construe the removal statute against removal jurisdiction" and remand an action "if there is any doubt as to the right of removal in the first instance." *Id.* at 566. However, "[w]hen a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied." *Arias v. Residence Inn*, 936 F.3d 920, 924 (9th Cir. 2019). "A shortcoming in a notice of removal concerning the amount in controversy is not jurisdictional . . . until the movant has an opportunity to correct any perceived deficiency in the notice," and the notice need not in and of itself prove that the district court has jurisdiction. *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021).

Plaintiffs seek restitution for the amount they paid for the vehicle. Additionally, Plaintiffs seek consequential and incidental damages, civil penalties, and attorney's fees. In the Notice of Removal,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-07728-RGK-CTS | Date | July 29, 2026 |
| Title | ***Ricardo Cardona v. Ford Motor Company et al.*** | | |

Defendant asserts that the amount in controversy exceeds $75,000. In support, Defendant states that the "plausible estimate of actual damages" is $72,609.68 when accounting for the applicable offsets. (Notice of Removal at 4.) To make up the difference, Defendant points to the fact that Plaintiff seeks civil penalties and attorney's fees under the Song-Beverly Act. However, while civil penalties and attorney's fees are available for willful failure to comply with the Act, Defendant has not offered any evidence to support such an award. The Court declines to speculate as to what this award might be.

Accordingly, the Court finds that Defendant has not satisfied its burden of plausibly alleging that the amount in controversy meets the jurisdictional requirement. Accordingly, the Court **ORDERS** Defendant to **SHOW CAUSE, in writing, that the jurisdictional requirements are satisfied**. Such a response shall not exceed **five pages** and must be submitted within **five days** of this Order's issuance.

**IT IS SO ORDERED.**

________ : ________

Initials of Preparer JRE/sh