UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-07728-RGK-CTS | Date | October 13, 2026 |
| Title | ***Ricardo Cardona v. Ford Motor Company et al.*** | | |

Present: The Honorable R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE

| Joseph Remigio | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Re: Plaintiff's Motion to Remand [DE 21]**

## I. INTRODUCTION

On June 15, 2026, Ricardo Cardona ("Plaintiff") filed a complaint in the Los Angeles Superior Court against Ford Motor Company ("Defendant") asserting the following claims: (1) breach of express warranties as a violation of Song-Beverly Consumer Warranty Act ("Song-Beverly Act"); (2) breach of implied warranties pursuant to the Song-Beverly Act; (3) failure to promptly repurchase product pursuant to the Song-Beverly Act; and (4) failure to commence repairs within a reasonable time and to complete them within 30 days pursuant to the Song-Beverly Act.

On July 15, 2026, Defendant removed this action to federal court asserting jurisdiction on the grounds of diversity of citizenship. On July 29, 2026, this Court issued an Order to Show Cause ("Order") for Defendant to show that the jurisdictional requirements were satisfied. (ECF No. 11.) After receiving Defendant's reply to the Order, this Court discharged its Order on August 4, 2026. (ECF No. 16.) Presently before the Court is Plaintiff's Motion to Remand ("Motion") the case back to the Los Angeles Superior Court. For the following reasons, Plaintiff's Motion is **DENIED.**

## II. FACTUAL BACKGROUND

The following facts are alleged in Plaintiff's original complaint, unless stated otherwise:

In August 2023, Plaintiff purchased a 2023 Ford Bronco from Defendant. This purchase contained express warranties that Defendant would preserve or maintain the utility or performance of his vehicle or provide compensation if there was a failure in such utility or performance. The vehicle was delivered with several serious defects and nonconformities to the warranties. Plaintiff delivered the vehicle to an authorized facility for repair, but Defendant could not fully repair the vehicle after several attempts. Defendant has failed to replace the vehicle and has not made restitution to Plaintiff, thus breaching its obligations under the Song-Beverly Act.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-07728-RGK-CTS | Date | October 13, 2026 |
| Title | ***Ricardo Cardona v. Ford Motor Company et al.*** | | |

## III. <u>JUDICIAL STANDARD</u>

The Court begins with the principle that "[f]ederal courts are courts of limited jurisdiction" and presumptively lack jurisdiction over an action. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). In addition to jurisdiction over cases involving a federal question, federal courts also have original jurisdiction in civil actions where there is complete diversity of citizenship between opposing parties and the amount in controversy exceeds the sum of $75,000. 28 U.S.C. § 1332.

A defendant seeking removal of a civil action from state court must file a notice of removal containing a short and plain statement of the grounds for removal. 28 U.S.C. § 1446(a). Removal on diversity jurisdiction grounds "is proper … if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(B). When the plaintiff contests the defendant's amount in controversy assertion, "both sides may submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88-89 (2014). The burden of demonstrating subject matter jurisdiction rests on the party asserting jurisdiction. *Id.*

## IV. <u>DISCUSSION</u>

Defendant first argues that Plaintiff's Motion is untimely, as it falls outside the 30-day limitation on motions to remand after Defendant removed the case to federal court. Alternatively, if the Court finds that Plaintiff's Motion to be timely, Defendant argues that the amount in controversy exceeds $75,000 by a preponderance of the evidence. For the following reasons, the Court finds the Plaintiff's motion timely and that the amount in controversy exceeds $75,000.

### A. <u>30-Day Limitation</u>

As an initial matter, Defendant argues that based on the Court's discharge of its order to show cause regarding amount in controversy, Plaintiff's Motion can only be a challenge to Defendant's evidence . As such, Plaintiff is making a procedural challenge, which is time-barred.[1] Defendant is wrong.

A motion to remand "on the basis of any defect *other than lack of subject matter jurisdiction* must be made within 30 days after filing the notice of removal under [28 U.S.C. § 1446(a)]." 28 U.S.C. § 1447(c) (emphasis added).

Here, Plaintiff challenges the amount in controversy asserted by Defendant. This constitutes a substantive challenge to jurisdiction that is not time-barred, and over which the Court retains discretion

[1] Defendant filed its notice of removal on July 15, 2026. Plaintiff's Motion was filed on September 4, 2026.

to review throughout the entirety of the case until final judgment. *See* 28 U.S.C. § 1447(c). Defendant further argues that this Court's discharge of its Order to Show Cause established that the Court already found, by a preponderance of the evidence, it has jurisdiction over this case. To the extent Defendant contends that the procedural history regarding jurisdiction time-bars, or otherwise precludes, Plaintiff's challenge, such position is also incorrect. The Court retains the power to review its interlocutory orders and may consider motions to remand on subject matter jurisdiction grounds at any point in the case. *See City of Los Angeles, Harbor Division v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001).

Accordingly, Plaintiff's Motion is not barred by the 30-day limitation of 28 U.S.C. § 1447(c).

**B. <u>Amount in Controversy</u>**

The amount in controversy represents "an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Cmmc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). When a defendant's assertion of the amount in controversy is challenged, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee*, 574 U.S. at 88.

In his complaint, Plaintiff seeks: (1) general, special, and actual damages pursuant to the Song-Beverly Act; (2) a civil penalty to each violation in the amount of two-times Plaintiff's total damages pursuant to Cal. Civ. Code § 1794(c) and (e); (3) consequential and incidental damages pursuant to Cal. Comm. Code § 2715; (4) costs of the suit and Plaintiff's reasonable attorneys' fees pursuant to Cal. Civ. Code § 1794(d); (5) prejudgment interest; and (6) other relief the Court deems proper. (Compl. at p.10.)

Under the Song-Beverly Act, a plaintiff's actual damages include "restitution in an amount equal to the actual price paid or payable by the buyer," less "the amount directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor." Cal. Civ. Code § 1793.2(d)(2)(B)-(C). In calculating the offset, courts use the following formula: (number of miles driven prior to first repair attempt) / (120,000 miles) x (vehicle cash purchase price). *See Wickstrum v. FCA USA LLC*, No. 3:20-CV-00336-L-JLB, 2021 WL 532257, at *1-2 n.2 (S.D. Cal. Feb. 12, 2021). The purpose of restitution "is to restore the status quo by returning to the plaintiff funds in which he or she has an ownership interest." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1149 (2000). Thus, the full purchase price, including both outstanding loan balances and payments made, are considered when determining the amount in controversy. *See Canesco v. Ford Motor Co.*, 570 F.Supp.3d 872, 895-96 (S.D. Cal. November 4, 2021).

In its reply to the Court's Order, Defendant proffered the Retail Installment Sale Contract ("RISC") at issue in this case. (ECF No. 15-2.) In it, the total sale price was $77,609.68, which Plaintiff fully paid. (*Id.*) As to the offset, Plaintiff received the car with 48 miles on it and delivered the vehicle back to the manufacturer with 10,672 miles on it. (ECF No. 15-2 at p.3; Pl.'s Mtn. to Remand at p.14.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-07728-RGK-CTS | Date | October 13, 2026 |
| Title | ***Ricardo Cardona v. Ford Motor Company et al.*** | | |

The RISC indicates that cash purchase price was $70,030. (ECF No. 15-2 at p.3.) Thus, the total offset to the total purchase price is $6,199.99,[2] bringing the amount of actual damages to $71,409.69.

It is well-established that the amount in controversy encompasses "all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018). Courts treat civil penalties under the Song-Beverly Act akin to punitive damages. *Carillo v. FCA USA, LLC*, 546 F.Supp.3d 995, 1003-04 (C.D. Cal. June 29, 2021). While both punitive damages and attorneys' fees may be considered for purposes of amount in controversy, estimates that are unsupported or unduly speculative are insufficient to satisfy the evidentiary burden. *See Ibarra v. Manheim Investments, Inc*., 775 F.3d 1193 (9th Cir. 2015); *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785 (9th Cir. 2018).

Defendant points to civil penalties, costs, and attorneys' fees to provide additional support for meeting the requisite amount in controversy. While it is well-established that civil penalties and fees are considered in determining amounts in controversy, they are generally too speculative to account for in any significant way. However, in this case, actual damages already total $71,409.69, and it is undisputed that Plaintiff's counsel has already spent time on this case.

With a difference of approximately $3,600 to meet the requisite amount in controversy, the Court finds that diversity jurisdiction has been established by a preponderance of the evidence.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is **DENIED**.

**IT IS SO ORDERED.**

:

Initials of Preparer JRE

[2] The calculation is: (10,672 – 48) / (120,000 miles) x ($70,030) = $6,199.99.